IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMARJIT SINGH,

      Plaintiff,

vs.

CAROLYN W. COLVIN,
Commissioner of Social Security,

      Defendant.

No. 2:11-cv-2309 DAD

<u>ORDER</u>

      This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security (Commissioner) is reversed, and the matter is remanded for further proceedings consistent with this order.

## PROCEDURAL BACKGROUND

      On January 28, 2009, plaintiff filed an application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (the Act) and for Supplemental Security Income (SSI) under Title XVI of the Act, alleging disability beginning on September 30, 2008. (Transcript (Tr.) at 129-36.) Plaintiff's application was denied initially and upon reconsideration. (<u>Id</u>. at 59-63, 66-70.) A hearing was held before an Administrative Law Judge (ALJ) on May 20,

2010. (Id. at 29-51.) Plaintiff was represented by counsel and testified at the administrative hearing. In a decision issued on July 19, 2010, the ALJ found that plaintiff was not disabled. (Id. at 24.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.
>
> 2. The claimant has not engaged in substantial gainful activity since September 30, 2008, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).
>
> 3. The claimant has the following severe impairments: degenerative disc disease of the cervical and lumbar spine and early degenerative changes of the left knee (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can lift 20 pounds occasionally and 10 pounds frequently; and stand/walk four hours out of an eight-hour work day, sit six hours in a work day; occasionally climb, stoop, kneel, crouch and crawl; and frequently balance. The claimant must avoid concentrated exposure to vibration.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. The claimant was born on September 10, 1960 and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in

       significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

       11. The claimant has not been under a disability, as defined in the Social Security Act, from September 30, 2008, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 16-23.)

On July 1, 2011, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on August 30, 2011.

## LEGAL STANDARD

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff argues that the ALJ committed the following three principal errors in finding him not disabled: (1) the ALJ improperly rejected the opinion of plaintiff's treating physician; (2) the ALJ erroneously found that plaintiff could speak English; and (3) the ALJ failed to credit the hearing testimony of the vocational expert in response to

questions posed that accurately reflected plaintiff's limitations.

## I.     Medical Opinion

Plaintiff argues that the ALJ erred in rejecting the opinion of plaintiff's treating physician without a legitimate basis for doing so. (Pl.'s MSJ (Doc. No. 19) at 15-20.[1]) In this regard, on May 12, 2010, Dr. A.J. Singh Sekhon completed a Medical Assessment of Ability to do Work-Related Activities form. (Tr. at 365-67.) Therein, Dr. Sekhon expressed his opinion that plaintiff was seriously limited in a number of areas of functioning, including limitations to standing and/or walking for ten minutes without interruption and sixty minutes total in an eight-hour workday, and sitting thirty minutes without interruption and two hours total in an eight-hour workday. (Id. at 365-66.)

The ALJ, however, rejected Dr. Sekhon's opinion, stating:

> The opinion provided by Dr. Sekhon is rejected. Despite the fact that Dr. Sekhon is a treating source, his opinion cannot be given any significant weight because it is extreme and not supported by his own treatment records or other evidence of record. In fact, the claimant himself testified that he disagreed with the limitations Dr. Sekhon assessed. As explained previously, the claimant's ongoing clinical findings have been normal, except during periods of pain exacerbations. Even then, findings have been minimal and readily treated with pain medication or injections. The manipulative, standing, walking, and sitting limitations are rejected because they are not supported by the record as thoroughly explained earlier in the decision.

(Tr. at 22.)

Dr. Sekhon, however, was plaintiff's treating physician. Accordingly, his opinion was entitled to considerable weight. The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

5

a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990). A treating physician's uncontradicted opinion may be rejected only for clear and convincing reasons, while a treating physician's opinion that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31.

Here, the ALJ rejected treating physician Dr. Sekhon's opinion purportedly because it is not was "not supported by his own treatment records or other evidence of record." (Tr. at 22.) In this regard, the ALJ's opinion asserts that "the claimant's ongoing clinical findings have been normal, except during periods of pain exacerbations." (Id.) Plaintiff's medical records, however, in fact reveal that a November 17, 2006 MRI found a 3 mm and a 2 mm "central disc bulge" associated with annular tears, (id. at 348), and that on November 16, 2007, plaintiff was diagnosed as suffering from degenerative disc disease. (Id. at 261.)

Moreover, Dr. Sekhon's own treatment records reveal that in response to plaintiff's complaints of suffering pain and muscle spasm, Dr. Sekhon ordered a CT scan of plaintiff's cervical spine. (Id. at 359.) The CT scan was completed on August 25, 2009 and found "C6-C7: 0-1 mm minor posterior disk osteophyte complex," "C4-C5 and C5-C6: 2 mm posterior disk osteophyte complex with . . . mild bilateral neural foraminal narrowing" and "C3-C4: 3-4 mm central disk osteophyte complex with . . . moderate right and mild left neural foraminal narrowing." (Id.) Finally, Dr. Sekhon's treatment records also reveal that he treated plaintiff's back pain on at least five occasions with transforaminal epidural steroid injections. (Id. at 353.)

The ALJ also rejected Dr. Sekhon's opinion purportedly because "the claimant himself testified that he disagreed with the limitations Dr. Sekhon assessed." (Id. at 22.) This

characterization is misleading.  Plaintiff in fact disagreed with Dr. Sekhon's opinion on the issue of his limitations because plaintiff believed that his treating physician's opinion was not restrictive enough.  In this regard, the ALJ asked plaintiff if Dr. Sekhon "put more minutes than you agreed to, is that the problem?"  (Id. at 38.)  Plaintiff answered, "Yeah, that's the problem . . . . I cannot work that long . . . ."  (Id. at 39.)

Moreover, treating physician Dr. Sekhon's opinion was the most recent medical opinion of record in this case.  "A treating physician's most recent medical reports are highly probative."  Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001).  See also Young v. Heckler, 803 F.2d 963, 968 (9th Cir. 1986) ("Where a claimant's condition is progressively deteriorating, the most recent medical report is the most probative.").

Nonetheless, not only did the ALJ reject treating physician Dr. Sekhon's opinion, the ALJ gave the "greatest weight" to Dr. Horsley's opinion and gave "significant weight" to Dr. Lockie's opinion.  (Tr. at 21-22.)  Dr. Horsley and Dr. Lockie, however, were non-treating, non-examining physicians.  As such, their opinions were entitled to less weight than that of Dr. Sekhon.  See Lester, 81 F.3d at 831 ("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician.").

Accordingly, the court finds that plaintiff is entitled to summary judgment in his favor with respect to his claim that the ALJ's decision to reject the opinion of his treating physician was not supported by substantial evidence.

**CONCLUSION**

With error established, the court has the discretion to remand or reverse and award benefits.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004).  However, where there are outstanding issues

that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. Id. at 594.

Here, when the opinion evidence of plaintiff's treating physician is given the proper weight, the evidence of record demonstrates that plaintiff was disabled when Dr. Sekhon rendered his opinion on May 10, 2010. The court notes that a Vocational Expert testified at plaintiff's May 20, 2010 administrative hearing. According to the Vocational Expert's testimony the limitations indicated by Dr. Sekhon in his opinion would preclude plaintiff from working. (Tr. at 49-50.) Thus, the ALJ erroneously concluded that plaintiff had not been under a disability at any time from September 30, 2008 through July 19, 2010, the date of the ALJ's decision.

However, while it is clear that plaintiff was under a disability as of May 10, 2010, it is not clear from the administrative record before the court if the date of onset of disability is May 10, 2010, or sometime prior thereto.[2] See Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010) (affirming remand to determine onset date where ALJ did not address the issue and evidence in the record did not establish onset date); Regennitter, 166 F.3d at 1300 (finding claimant disabled but remanding for determination of onset date); Armstrong v. Commissioner, 160 F.3d 587, 590 (9th Cir. 1998) (Where, after reviewing the record, the court found it unclear when the claimant's disabilities became disabling the case was remanded with instruction to determine when the claimant became disabled).

Accordingly, the court will remand the matter for further administrative proceedings consistent with this order and solely for the limited purpose of determining the correct date of onset of plaintiff's disability. See Widmark v. Barnhart, 454 F.3d 1063, 1065 (9th Cir. 2006) (reversing and remanding for proceedings consistent with the court's decision that the ALJ improperly rejected an examining physician's opinion).

---

[2] As noted above, in his application for Disability Insurance Benefits, plaintiff alleged an onset date of disability of September 30, 2008.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. No. 19) is granted;

2. Defendant's cross-motion for summary judgment (Doc. No. 23) is denied;

3. The decision of the Commissioner of Social Security is reversed; and

4. This case is remanded for further proceedings consistent with this order.[3]

DATED: March 15, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1/orders.soc sec/singh2309.order

---

[3] In light of the analysis and conclusions set forth above, the court need not address plaintiff's second claim of error.